

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 15, 1971

Hon. Bevington Reed
Commissioner
Coordinating Board, Texas
  College & University System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. M- 998

Re: Meaning of term "taxable
    property valuation", as
    used in Section 130.032,
    Texas Education Code, and
    related questions.

Dear Dr. Reed:

Your recent letter requesting the opinion of this office
concerning the referenced matter poses the following questions
concerning Section 130.032 of the Texas Education Code:

"What is the meaning of the term 'taxable
property valuation'?  Does it mean the same as
'assessed valuation' and 'assessed property
valuation'?  Is it mandatory that only the last
assessed valuation as determined by the county
government be used in the case of a county junior
college district?"

Section 130.032, Texas Education Code (Acts 62nd Leg., R.S.,
1971, ch. 1024, p. 3285) provides, in part, as follows:

"In order for any territorial unit set out
in Section 130.031 of this code (dealing with
the establishment of union, county, or joint-
county junior colleges) to establish the applicable
type of junior college, the proposed district must
have a taxable property valuation of not less than
$30 million in the next preceding year and a total
scholastic population of not less than 3,000 in
the next preceding school year, provided a proposed

-4869-

district may have less than 3,000 scholastics but not less than 2,000 scholastics in the next preceding school year:

"(1) if the proposed district includes a county which

"(A) has a population of not less than 8,000 nor more than 8,500 inhabitants according to the last preceding federal census;

"(B) has an assessed valuation of at least $60 million . . ." (Emphasis added.)

It is to be noted that both Section 130.011 (dealing with the establishment of an independent school district or a city junior college) and Section 130.091 (dealing with the creation of regional college districts) of the Texas Education Code use the term "assessed property valuation" as the criterion for the establishment of the educational institutions covered by their provisions.

It has been held that the term "value of taxable property" and "assessed valuation" are synonymous. State v. Board of Com'rs., 185 P. 456, 457 (Mont.Sup. 1919). Also, the Supreme Court of Indiana has stated that:

"It is our judgment that 'the value of the taxable property' within the meaning of Article 13, Section 1, supra, is the assessed value of the property as determined by the last complete assessment for State and County taxes, previous to the incurring of the proposed indebtedness." Allen v. Van Buren Township of Madison County, 184 N.E.2d 25,31 (Ind. Sup. 1962.)

See, generally, 4 Words and Phrases 709-10 (Perm.Ed.); 44 Words and Phrases 108-09 (Perm. Ed.); and the annotation entitled "Meaning of term 'assessment' or 'assessed valuation' when used as basis of tax or debt limit" in 156 A.L.R. 594 (1945).  See also Eldridge v. City of Bellingham, 179 P. 109 (Wash.Sup. 1919), and N. W. Halsey & Co. v. City of Belle Plaine, 104 N.W. 494 (Iowa Sup. 1905).

The term "assessed valuation" has been defined as the "value on each unit of which a prescribed amount must be paid as property taxes", Black's Law Dictionary 149 (4th Ed. 1951), and also as "the consummated act of all the agencies employed in determining the amount and value of property available for taxation." St.Ignace City Treas. v. Mackinac Co. Treas., 16 N.W.2d 682 (Mich.Sup. 1944).

We are of the opinion that the doctrine of noscitur a sociis is applicable to your query.  That doctrine holds that "the meaning of a doubtful word may be ascertained by reference to the words associated with it".  53 Tex.Jur.2d 221, Statutes, Section 154.

It has been pointed out hereinabove that Sections 130.011 and 130.091 of the Education Code speak in terms of "assessed property valuation".  Section 130.032, the one here at issue, speaks in terms of both "taxable property valuation" and "assessed valuation". Though each of the foregoing terms is different from the others, they all deal with the same subject and serve the same purpose, i.e. the setting of criteria for the establishment of various kinds of junior college districts.

Applying the doctrine of noscitur a sociis, we are of the opinion that the terms "taxable property valuation", "assessed valuation", and "assessed property valuation", are used inter-changeably, are all used in their commonly accepted meaning and

all mean the same thing:   assessed property valuation.[1]

In accordance with the foregoing, and in answer to your first two questions, you are advised that the term "taxable property valuation", as used in Section 130.032 of the Education Code, means the same thing as "assessed valuation" and/or "assessed property valuation", as those latter terms are commonly used and understood.

In answer to your third question, the portion of Section 130.032 quoted and underscored, supra, clearly makes it mandatory that only the last assessed valuation determined by the county government in the next preceding year may be used in meeting the criteria for establishment of a county junior college.  No alternative means, by which another assessed valuation could be used, is set forth in the Section.

Your third question is, therefore, answered in the affirmative.

### S U M M A R Y

(1) The term "taxable property valuation", as used in Section 130.032, Texas Education Code, is synonymous with the terms "assessed valuation" and "assessed property valuation," as those latter terms are commonly used, understood and accepted.

---

1.   We note that the immediate predecessor of Section 130.032, Acts 61st Leg., R.S., Ch.770, p. 2288, uses the term "combined taxable wealth" as the criteria for the establishment of a union, county, or joint county junior college district.  The use of this term is in accord with our interpretation of "taxable property valuation" set forth herein.

(2)   Only the last assessed valuation, as determined by the county government in the "next preceding year", may be used as one of the criteria for the establishment of a county junior college district.

Sincerely yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Hal Sharpley
Jim Broadhurst
James McCoy
Roland Allen

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant